Mildred Inks DALRYMPLE, Independent Executrix of the Estate of Mark A. Moss, Deceased, Appellant,

v.

Robert Mark MOSS et al., Appellees.

No. 1416.

Court of Civil Appeals of Texas, Tyler.

Jan. 29, 1981.

Will S. Moursund, Moursund & Moursund, Round Mountain, Ed G. Marion, Jr., Hollon & Marion, Boerne, for appellant.

1. Tex.Rev.Civ.Stat.Ann. 2524–1 et seq.

Lawrence L. Bruhl, Llano, for appellees.

MOORE, Justice.

This is a suit under the Declaratory Judgments Act [1] to construe the will of Mark A. Moss, deceased.

On July 7, 1972, Mark A. Moss executed his will, wherein the pertinent provisions provided:

## II.

After the payment of the above debts, I will, devise and bequeath all of the property that I may die seized of, whether it be real, personal or mixed, and wheresoever situated to my son, AARON F. MOSS, II, to be used by him during his life time; and at the death of the said AARON F. MOSS, II, all of the property remaining in said estate shall pass to and vest in my grandson, ROBERT MARK MOSS.

## IV.

In the event the said AARON F. MOSS, II, should not be living at the time of my death, and if the said ROBERT MARK MOSS shall not have reached his 21st birthday, I direct that all of my property shall pass to and vest in JIM MOSS INKS as TESTAMENTARY TRUSTEE; and if the said JIM MOSS INKS is not living at the time of my death, or if for any reason he can not, or does not desire to act as such TESTAMENTARY TRUSTEE, I nominate MILDRED INKS DALRYMPLE as said TESTAMENTARY TRUSTEE. If the said MILDRED INKS DALRYMPLE is not living, or if she does not desire to act as such TESTAMENTARY TRUSTEE, I direct that the then Judge of the District Court of Llano County, Texas shall appoint someone in whom he has confidence to act as said TESTAMENTARY TRUSTEE to carry out my wishes as expressed in this will; and the said person so ap-

pointed by the Honorable Judge of the District Court shall have all of the rights, privileges and powers granted herein to the said JIM MOSS INKS and MILDRED INKS DALRYMPLE.

## IX.

If the said ROBERT MARK MOSS shall die before he has reached his 21st birthday my entire estate remaining after the death of my son, AARON F. MOSS, II, shall pass to and vest in my nephew, JIM MOSS INKS; and in the event the said JIM MOSS INKS is not then living to my niece, MILDRED INKS DALRYMPLE.

On February 23, 1973, Mark A. Moss executed a codicil to his will, which amended paragraph IV of his will. The portion of the codicil which is pertinent to this case recites as follows:

In the event the said AARON F. MOSS, II, should not be living at the time of my death, and if the said ROBERT MARK MOSS shall not have reached his 21st birthday, I direct that all of my property shall pass to and vest in JIM MOSS INKS as TESTAMENTARY TRUSTEE: . . . .

As will be seen, the testator in the codicil left the first phrase in Paragraph IV of the will unchanged.

On April 11, 1973, Mark A. Moss died. His will was admitted to probate and Aaron F. Moss, II, testator's son, took oath as independent executor on July 5, 1973. As life tenant under the will, Aaron F. Moss, II, took possession of and held the life estate until his death on April 20, 1977. Since the estate of Mark A. Moss was still in administration at the time the independent executor, Aaron F. Moss, II died Mildred Inks Dalrymple, the alternate independent executrix under the will of Mark A. Moss, qualified and took oath as the independent executrix of the estate. Robert Mark Moss was sixteen years of age at the time of the death of his father, Aaron F. Moss, II, the life tenant.

This action was initiated by appellant, Mildred Inks Dalrymple, independent exec-utrix of the estate against Robert Mark Moss, individually, a minor; and Faye Ann Moss Brewer, temporary guardian of the person and estate of Robert Mark Moss; and Jim Moss Inks, individually and as testamentary trustee under the will of Mark A. Moss, deceased, for the benefit of Robert Mark Moss, hereinafter referred to as appellees, for the purpose of interpreting and construing the will of Mark A. Moss. The issue presented to the trial court was whether the appellant as independent exec-utrix should distribute the remaining estate of Mark A. Moss to the legal guardian of Robert Mark Moss or whether it should be turned over to Jim Moss Inks, as testamentary trustee for the benefit of Robert Mark Moss until Robert Mark Moss reaches the age of twenty-one years.

Trial was before the court without a jury. After a hearing, the court rendered judgment finding that neither the will not the codicil was ambiguous and that the same expressed the intention of the maker. The court further found that paragraph IV contained in the will and the codicil was an unambiguous contingent bequest and/or devise and that the contingency had not occurred due to the fact that Aaron F. Moss, II, was living at the time of the death of Mark A. Moss. The court therefore concluded that no property rights vested in the testamentary trustee and that under the terms of the will Robert Mark Moss was vested with a fee simple determinable interest in the estate of Mark A. Moss subject to defeasance in the event Robert Mark Moss dies before reaching his twenty-first birthday. The court therefore ordered that the independent executrix of the estate turn over and deliver to Robert Mark Moss, individually, all the assets of the Mark A. Moss estate, from which judgment appellant duly perfected this appeal.

We affirm.

Under appellant's first four points of error, she contends that the trial court erred in denying the admission of the testimony of Ann Moss, wife of the testator, and Bill Watkins, attorney and draftsman of the

will of Mark A. Moss. Appellant maintains that the testimony by these two witnesses as to the facts and circumstances surrounding the testator at the time of executing his will is always admissible in a will construction case. She further argues that if this testimony had been introduced it would have shown that the testator intended that even when his son, Aaron Moss, II, survived the testator and took under the will as a life tenant and then died before testator's grandson, Robert Mark Moss, reached the age of twenty-one years, the estate would be held in trust by the named trustee until Robert Mark reached the age of twenty-one. In other words, appellant contends that the excluded evidence shows that the testator intended that the estate would at no time vest in Robert Mark, individually, prior to the time he reached the age of twenty-one. We cannot agree with appellant's contention that the excluded evidence was admissible nor do we believe that the court erred in the construction of the will.

The testimony sought to be introduced by appellant, as set out in appellant's Bill of Exception, shows that Mrs. Ann Moss would have testified that at the time her husband executed his will and the codicil, she was the lawful wife of Mark A. Moss, deceased; that she and her husband had discussed a plan for distributing their respective estates; that she adopted and agreed to her husband's plan of distributing his estate; that she and her husband went to the office of Bill Watkins, attorney at law, for the purpose of achieving this planned distribution; that at the time she and her husband went to the office of Bill Watkins, their grandson, Robert Mark Moss, was eleven years old; that their son, Aaron F. Moss, and his wife, Faye Ann Moss Brewer, were about to get a divorce; that her husband had no intention of disposing of his estate, nor did she, in such a manner so as to allow the property to go into the hands of someone other than family blood; that she and her husband considered these circumstances before authorizing Bill Watkins to draft their last will and testaments; that it was her intention in her last will and testament to create a life estate in her son, Aaron F.

Moss, with the rest and remainder of her estate to pass to a named testamentary trustee for the benefit of her grandson, Robert Mark Moss, until he attained his twenty-first birthday; and further that in the event the said Robert Mark Moss should die prior to attaining his twenty-first birthday her estate would pass to and vest in the beneficiary named therein.

As further set out in appellant's Bill of Exception, Mr. Bill Watkins, attorney at law, Llano, Texas, would have testified that he was the attorney who prepared the last will and testament and codicil for the said Mark A. Moss, deceased; that he was the attorney who prepared the last will and testament for the said Ann Moss, wife of decedent; that both Mark A. Moss and Ann Moss came to his office in Llano to discuss the disposition of their estates; that both Mark A. Moss and Ann Moss had about the same plan in mind as to how their estates should be distributed; that he and Mr. and Mrs. Moss discussed who their heirs and beneficiaries were; that Mr. and Mrs. Moss authorized him to prepare their Last Will and Testament so as to conform to what they wanted, taking into consideration the surrounding circumstances previously mentioned; that he discussed the creation of a trust; that he understood Mr. Moss wanted a trust set up for Robert Mark Moss until he was twenty-one years old if Aaron died; that he understood that Mr. Moss wanted to create a life estate in his son, Aaron F. Moss, so long as he was living, that in the event he should predecease testator, the entire estate would pass in trust to the named testamentary trustee for the benefit of Robert Mark Moss, a minor, until he reaches his twenty-first birthday, at which time the entire estate would vest in him but in the event Robert Mark Moss should die before he reached his twenty-first birthday, then the rest and remainder of his estate should pass to and vest in Jim Moss Inks, if living, and if said Jim Moss Inks was not living, then his entire estate should pass to and vest in Mildred Inks Dalrymple; and that it was the intent of Mark A. Moss, as well as his draftsmanship for the will of

Mark A. Moss, to provide that under no circumstances was the said Robert Mark Moss to receive anything under the will other than as a beneficiary of a trust until the said Robert Mark Moss was twenty-one years of age.

■ The appellant argues that this testimony as to the events and circumstances at the time of the execution of the will of Mark A. Moss is always admissible in a will construction case in order to show the true intention of the testator. Appellant principally relies upon *Stewart v. Selder*, 473 S.W.2d 3, 7 (Tex.1971), wherein the supreme court held:

A will is a unilateral instrument, and the court is concerned only with the intention of the testator as expressed in the document. The sense in which the words were used by the testator is the ultimate criterion, and the court may always receive and consider evidence concerning the situation of the testator, the circumstances existing when the will was executed, and other material facts that will enable the court to place itself in the testator's position at the time.

However, as further pointed out in the case, and in later cases, the extrinsic evidence is admitted in order to discover the testator's intent *as to the sense of the words actually used in the will. Id.* at 7, *Moore v. Wardlaw*, 522 S.W.2d 552 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). This follows the rule as set out by the court in *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885 (1960), which stated, "the intent must be drawn from the will, and not the will from the intent." Thus, the reason for the admission of extrinsic evidence is only for the purpose of ascertaining the testator's intent as to the meaning or sense of the words actually used in the will. In the case of *Najvar v. Vasek*, 546 S.W.2d 202, 206 (Tex. Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.), it was pointed out:

When there is no dispute as to what the written words in a will mean, extrinsic evidence cannot be received to: show that the testator intended something outside of or independent of such written

words; to add, words to those in the will; contradict the language in the will; or to take words away from those in the will. This is so even though the court may believe that the actual disposition of the testator's property which results through changing circumstances was not contemplated by him.

■ It is clear to us that appellant sought the admission of the testimony of Mrs. Moss and attorney Watkins in order to add to the actual words used in the will. Appellant does not dispute what words were written in the will. Under the terms of both the will and codicil, testator unambiguously states: "in the event the said Aaron F. Moss, II should not be living at the time of my death, and if the said Robert Mark Moss shall not have reached his 21st birthday, I direct that all of my property shall pass to and vest in Jim Moss Inks as Testamentary Trustee ...." Appellant, by urging the admission of the testimony, was not seeking to explain the meaning of the above-quoted provisions of the will and codicil, but in reality was seeking to add a provision to the will. That is, she was seeking to add an additional provision to-wit: In the event Aaron Moss, II, survived testator but died before his son, Robert Mark, reached the age of twenty-one, the estate was to pass to and vest in Jim Moss Inks as a testamentary trustee for Robert Mark Moss until he reached the age of twenty-one. The will and codicil as written simply does not so provide. The will when construed with the codicil shows that the testator devised a life estate to his son, Aaron Moss, II, and devised the remainder to his grandson, Robert Mark. The only exception testator made to said disposition of his estate was that in the event his son, Aaron died before the death of the testator and his grandson Robert Mark Moss was then under twenty-one years of age, the estate was to pass to the testamentary trustee until Robert Mark reached the age of twenty-one. This exception of course never became operative because Aaron Moss, II, survived the testator. Thus, upon the death of Aaron the estate passed directly to Robert Mark Moss.

Inasmuch as the proffered testimony, if admitted, would have done nothing more than add an additional provision to the will, we are of the opinion that it was properly excluded and that the declaratory judgment entered by the trial court was correct.

We have considered appellant's remaining points of error and finding them to be without merit, they are accordingly overruled.

Judgment affirmed.